**IT IS ORDERED as set forth below:**

**Date: August 7, 2026**

**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBER** |
| | : | |
| TIRON ALEXANDER, | : | 24-56213-LRC |
| | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

**ORDER**

Before the Court is Debtor's *Motion To Vacate Order Of Dismissal Pursuant To FED. R.BANKR. P. 9024 And FED. R. CIV. P. 60(b), Or In The Alternative, To Reopen Case Pursuant To 11 U.S.C. Section 350(b), And Request For Temporary Equitable Relief* (Doc. No. 38, "Motion"). The Motion seeks reconsideration of the Court's Order entered on July 3, 2024 (Doc. No. 25, the "Order") dismissing Debtor's case.

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June

12, 2024 (the "Petition Date"). Debtor failed to file a list of creditors or the required schedules and was reminded of the obligation to do so on or before June 26, 2024. The Court also notified Debtor that the Court could not resolve the pending request for a waiver of the Chapter 7 filing fee until the schedules had been filed. *See* Doc. 15. Rather than file the documents needed to complete the bankruptcy filing, Debtor filed a motion to voluntarily dismiss the case on July 1, 2024. But before Debtor's Motion to Dismiss could be scheduled for hearing on notice to creditors, the Court dismissed the case on July 3, 2026, due to Debtor's failure to correct the filing deficiencies. *See* Doc. 25 (the "Order").

The Motion asserts that cause exists to reconsider the Order under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable in this case by Rule 9024 of the Federal Rules of Bankruptcy Procedure. Specifically, Debtor alleges that mail issues and delays, as well as other factors, such as the weather, resulted in Debtor's not receiving notice of the Order in time to seek relief sooner. Debtor waited for over two years to seek reconsideration of the Order. This request comes too late.

Under Rule 60(b), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed. R. Civ. P. 60(c).

It is not clear which section of Rule 60(b) Debtor believes applies. If Debtor asserts that the case was dismissed as a result of Debtor's mistake, inadvertence, surprise, or excusable neglect, the Motion is clearly time-barred, as it has been more than one year since the Court entered the Order. If Debtor contends that there exists a "reason that justifies relief," the Court finds that Debtor Has failed to demonstrate that the dismissal of the case was the result of "an extraordinary situation which cannot fairly or logically be classified as mere 'neglect' on his part," such that Rule 60(b)(6), rather than Rule 60(b)(1), would apply, especially considering Debtor requested dismissal of the case prior to the entry of the Order. *Klapprott v. United States*, 335 U.S. 601, 613, 69 S. Ct. 384, 389, 93 L. Ed. 266 (1949).

For all these reasons, and because Debtor has failed to serve the Motion on any party, the Court finds no basis to reconsider the Order or grant the equitable relief requested, and it is

ORDERED that the Motion is DENIED.

**END OF DOCUMENT**

**<u>Distribution List</u>**

ALL PARTIES ON THE COURT'S MAILING MATRIX